E. L. EVANS *v.* R. H. EVANS.

'(*Knoxville.*   September Term, 1911.)

1. **DIVORCE.   Award of custody of minor child to its mother does not relieve its father from liability for its support.**

A father is liable for .the support of his minor child, after a divorce has been obtained at the suit of the wife and the custody of the child awarded to her, when no provision was made in the divorce decree for the maintenance of the child. (*Post, pp.* 113-116.)

Cases cited and approved:  Spencer v. Spencer, 97 Minn., 56; Alvey v. Hartwig, 106 Md., 254.

Case cited and distinguished:  Toncray v. Toncray, 2 Shannon's Cases, 408.

2. **SAME.   Same.   Reasons for the foregoing rule.**

The reasons for the rule stated in the preceding headnote are that the law of nature and the law of the land impose upon the father the natural duty and primary obligation reasonably to support and maintain his minor children, and this duty and obligation cannot be evaded by his own wrong in giving his wife grounds for divorce and in rendering himself unsuitable as the custodian of his children. The father is not relieved from his obligation to support them, upon the ground that he is deprived of their services, and that services and support are reciprocal, because it is his own wrong and misconduct that works a forfeiture of his rights to their custody and services. (*Post, pp.* 116-119.)

Cases cited and approved:  Pretzinger v. Pretzinger, 45 Ohio St., 452.; Spencer v. Spencer, 97 Minn., 56; Alvey v. Hartwig, 106 Md., 254.

Evans v. Evans.

3. **SAME. Same. Same. Father is only required to support his minor children in a manner commensurate with his means and station in life.**

Where the custody of a minor child has been awarded to the mother upon her obtaining a divorce from the father, he is only required to maintain and support the child in a manner commensurate with his means and station in life, and is not liable for an extravagant allowance. (*Post, pp.* 113, 119.)

## FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—M. M. ALLISON, Circuit Judge.

R. B. COOKE and R. T. WRIGHT, JR., for plaintiff.

C. R. EVANS, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error, Mrs. E. L. Evans, obtained a divorce from the defendant in error, R. H. Evans, a number of years ago, in a Kentucky court.

The decree of divorce does not recite the gorunds upon which it was obtained, but it appears to have been had at the suit of the wife, and by this decree the custody of a child born to this couple was awarded to the mother.

125 Tenn.—8

After securing the divorce, it seems that the wife went to New York, where she has since resided, and the husband went to Chattanooga, which has since been his home.

The little girl went with her mother to New York, and her father, from time to time, made contributions to her support. She often visited her father in Chattanooga, and spent some time with him there, where her grandmother also resided. The father provided for her while she was in Chattanooga.

In 1910 he sent her to Atlanta to school, at which place it appears that he paid the bulk of her expenses. The girl was then about fifteen or sixteen years of age. Along toward the close of the term, having received no communication from her father as to what his subsequent wishes were, she wrote to her mother for money to come to New York. This was forwarded by her mother, and the girl went to New York during the month of May, 1910, where she has since been with her mother.

In January, 1911, this suit was brought by the mother to recover from the father the sum of $450, alleged to be the amount required for the support and maintenance of the girl from April 8, 1910, to December 1, 1910.

This suit was dismissed by the circuit judge, and his action was affirmed by the court of civil appeals. A writ of *certiorari* was granted by this court, and the case is here for review.

The action of the lower courts seems to have been based upon the case of *Toncray* v. *Toncray*, 2 Shan. Cas., 408. In that case Toncray's children left his home, and

went to the home of certain relatives of theirs, and upon suit brought for the expenses of the children while at the home of these relatives, this court said that inasmuch as Toncray had a home of his own, where he was willing and able to provide for his children, he could not be held responsible for them, when they left him, refusing the support he offered them, and sought to render him liable for their maintenance elsewhere. This case of *Toncray* v. *Toncray* is no authority here. Mr. Toncray was entitled to the custody and control of his children. He had a right to keep them at home, to determine where they should stay, and to maintain them at the place of his selection.

In this case, the father, Evans, has no such right. The custody of this child was intrusted to her mother. Evans has no voice as to where she shall reside; but, by decree of court, the mother is made the arbiter of such matters. Therefore it avails Mr. Evans nothing to say that he was willing to take care of the child in Chattanooga, but not elsewhere. He has no right to control her whereabouts, and cannot make his duty to support her, if such duty exists, depend upon the place of the child's abode.

It results, therefore, that the sole question in this case is whether a father is liable for the support of his child, after a divorce obtained at the suit of the wife, when no provision is made in the decree for its maintenance, but the custody of the child is awarded to the mother.

We are of opinion that the father is so liable, and unquestionably this view is taken in the majority of the

recent decisions upon the subject, although some courts of high repute have reached the opposite conclusion.

A convincing case adopting the former position is *Spencer* v. *Spencer,* 97 Minn., 56, 105 N. W., 483. This case is reported and annotated in 2 L. R. A. (N. S.), 851, and also reported and more exhaustively annotated in 7 Am & Eng. Ann. Cas., 901. In the latter volume cases are collected in a note from fourteen States, supporting the case reported. Both annotators find that the weight of modern authority imposes upon the father the obligation of the child's support, and to this effect is the later case of *Alvey* v. *Hartwig,* 106 Md., 254, 67 Atl., 132, 11 R. A. (N. S.), 678 also reported in 14 Am. & Eng. Ann. Cas., 250, with a note containing other cases upon the subject.

All the authorities upon both sides of this question will be found to be collected in the annotated publications just cited. The cases are too numerous to permit of an attempt to review them here.

The reasons favoring the majority view are that the law of nature and the law of the land require of the father the support of his minor children. This is a definite and fixed obligation, which both the children and society itself are entitled to have enforced against him. If divorce is sought by his wife, the mother of the children, it can only be obtained by her for some wrong or dereliction on the part of such husband and father, shown to have been committed. A divorce so obtained, at the wife's suit, cannot weaken the father's obligation to his children. The decree of divorce is founded upon

Evans v. Evans.

his misconduct.  To hold that such a decree discharged him from the support of his children would be to allow him to profit by his perversity, or, in familiar phrase, to take advantage of his own wrong.

And again, upon granting such divorce, the court will award the custody of the child as its interest demands. If because the father is an unsuitable person, or if for other reasons appearing to the benefit of the child, the court decrees that it shall be intrusted to its mother, such decree cannot be allowed to affect the primary obligation of the father for the child's maintenance. The child was blameless.  It was not responsible for the differences of its parents.  It was no party to the divorce proceedings, and should not be deprived of a father's support, by reason of matters over which it had no control.

Upon this subject the supreme court of Ohio has observed:

"The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law, and he is under obligation to support them, not only by the laws of nature, but by the laws of the land.  .  .  .

"This natural duty is not to be evaded by the husband so conducting himself as to render it necessary to dissolve the bonds of matrimony and give to the mother the custody and care of the infant offspring.  It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they are not parties, or to enable the father to convert

his own misconduct into a shield against parental lia-
bility." *Pretzinger* v. *Pretzinger,* 45 Ohio St., 452, 15 N.
E., 471, 4 Am. St. Rep., 542.

The opposite view taken by some of the courts, hereto-
fore referred to, rests upon the idea that awarding the
child to its mother deprives the father of its services,
and that services and support are reciprocal. The
father, being deprived of one, should be relieved of the
other.

In regard to this contention the supreme court of Min-
nesota has very properly observed:

"This is not a good reason; for, if the divorce is
granted for the father's misconduct, it is his wrong act
that deprives him of their services, and not the court
which intervenes for the protection of the children."
*Spencer* v. *Spencer,* supra.

Along the same lines the supreme court of Maryland
has said:

"His natural right to this custody and these services
is forfeited by his misconduct, and surely, if his miscon-
duct works a forfeiture of his rights to custody and earn-
ings, he ought not to be absolved from his natural and
usual duty of supporting them. To allow it to bring
about any such results would simply be allowing the
father to take advantage of his own wrong, for all a
father would have to do, to avoid his natural obligation
to his children, would be to desert his family, conduct
himself in such a way as to show that he is an unfit per-
son to have the custody of his children, and then, when,
on account of his own wrongful doings and unfitness,

Evans v. Evans.

the court takes the custody of the children away from him and awards it to the mother, it relieves him of the obligation which the law of nature and the law of the land places upon him." *Alvey* v. *Hartwig*, supra.

From what has been said, it follows that the circuit judge and the court of civil appeals were both in error in the disposition made of this case, and it must be reversed.

Complaint is made at the bar that the sum here demanded is an excessive allowance for the girl's support. Proof was introduced by the plaintiff below to the effect that this amount was reasonable and proper. The defendant below offered no evidence upon the subject.

We do not mean to hold in this opinion that any father is liable for an extravagant allowance for his child's support. He is only required to maintain the child in a manner commensurate with his means and station in life.

Although, in the absence of evidence to the contrary, the sum here demanded for the child's support must be regarded as reasonable, there being such proof in the record, it is not to serve as a standard or basis for future claims against this father. If other such demands cannot be amicably settled between the parties, and another suit is brought of like character with this, on the trial thereof the father may introduce proof as to his financial standing and ability, and any other pertinent proof, and future allowances will be based on the evidence so heard.

A judgment will be entered here for the amount sued for, and the defendant in error will pay all the costs.