Graham v. Graham.

JENNIE GRAHAM *v.* I. J. GRAHAM.*

(*Jackson.* April Term, 1918.)

1. **DIVORCE. Custody of children. Paramount question.**

The cardinal inquiry in all cases involving the custody of infant children by one or the other of divorced parents is: What is for the best interests of the children? (*Post, pp.* 332-334.)

Cases cited and approved: Evans v. Evans, 125 Tenn., 112; Toncray v. Toncray, 2 Shan. Cas., 408.

2. **DIVORCE. Duty to support children.**

Father cannot evade duty to support children, though, on his complaint, mother was divorced from him and custody of children awarded to her, she having become incapable to support them, and petitioning to require him to contribute; he claiming he cannot be required to support them unless awarded their custody, but not questioning the order as to custody. (*Post, pp.* 332-334.)

3. **DIVORCE. Custody and support of children. Unquestioned order as to custody.**

The action of the circuit judge in awarding a father custody of his children, on petition of their divorced mother to require the father to contribute to their support and maintenance, the custody of the children having been awarded the mother by prior order of court, and such order not being questioned, was *coram non judice* and void. (*Post, pp.* 332-334.)

4. **DIVORCE. Support of children. Right to counsel fees.**

Children of divorced parents, placed in the custody of their mother, when her circumstances change and she becomes unable to support them, are entitled to reasonable counsel fees incurred in their behalf on petition by the mother to require the father to contribute to their support. (*Post, pp.* 334, 335.)

---

*Authorities discussing the question of liability of father for support of children as affected by decree awarding custody to mother, see note in 2 L. R. A. (N. S.) 851.

Graham v. Graham.

5. **DIVORCE.** Support of children. Payment to clerk of court.

On petition by divorced mother, as next friend of her children, to require their father to contribute to their support, action of court of civil appeals in directing father to pay money into hands of clerk of circuit court, to be applied by him to the support of children, was proper. (*Post, p.* 335.)

## FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— Hon. Ben L. Capell, Judge.

D. B. Newsom and John E. Bell, for plaintiff in error.

McKellar & Kyser, for defendant in error.

Mr. Justice Lansden delivered the opinion of the Court.

This is a petition filed by plaintiff against defendand to require defendant to contribute to the support and maintenance of two daughters of plaintiff and defendant. The parties were divorced some years ago at the suit of defendant. The ground of the divorce was that the wife had attempted to take the life of the husband. At first the custody of the two daughters and one son was awarded to the father. Subsequently upon petition filed before the judge the custody of the two daughters was awarded to the mother. This

action was acquiesced in by the father. It was provided in the order awarding the custody of the daughters to the mother that the mother should support and maintain them. One of the daughters at the time was a cripple. She has a tubercular hip, and it is only within recent months that she is able to walk. She was sent to Chicago for treatment by the mother with the consent of the court. She has not been back to Tennessee at any time since, and the father has not visited her, and therefore he has not seen her. The other daughter, at the time of the trial below, was about fourteen years of age. She had been to school at Atlanta at the expense of the mother.

When the custody of the two daughters was awarded to the mother, she was earning $55 per month as principal of one of the country schools in Shelby county. She and the daughters were occupying a house belonging to defendant, which was worth to them about $25 per month. In addition to the value of the house as a residence, at that time petitioner's mother was in a position to help her provide for the daughters. Since then, however, petitioner's health has been impaired, and her salary as schoolteacher has been reduced to $40 per month, and she has been reduced from principal to teacher in the school. Her mother's health has failed, and she is no longer of any assistance to petitioner, but, on the contrary, requires assistance herself. The defendant has regained possession of the house and the house-

hold furniture, and petitioner and her daughters are excluded therefrom by defendant. This has reduced her income very materially, and, together with the increased cost of living since the decree of divorce, petitioner is no longer able to support the daughters. The one in Chicago is supported by a sister of petitioner, except that petitioner has contributed $10 toward her expenses within the preceding year. Defendant has contributed nothing.

Defendant admits that he is able to support his two daughters, and says he is willing to do so if their exclusive custody is awarded to him. However, he has filed no pleading in this case in which he seeks their custody, and the petition does not seek to have the custody of the daughters changed.

The circuit judge dismissed the petition and awarded the custody of the daughters to the father. His judgment was reversed by the court of civil appeals, and the father was required to pay to the clerk of the circuit court the sum of $25 per month, to be expended by the clerk in the support and maintenance of the daughters.

There can be no doubt but what the financial condition of petitioner has changed since the decree awarding her the custody of the two daughters. So far as the record shows, this change is without her fault. She says it is due to impairment of her health and to the fact that defendant has regained possession of the house from which she derived $25 per month. This is undenied. The circuit judge held

that defendant could not be required to contribute to the support and maintenance of the two daughters unless he had their custody; that the duty to support and maintain his children had its corresponding right to their custody and tuition; that the duty to support was conditioned, upon the right to the custody, love, and obedience of the children.

We do not say that there are not cases in which the general statement above made would be true, but the general statement of the rule was not made or intended to control all cases which may arise. In this case the custody of the two daughters has been awarded to the mother by order of the court. This order is not called in question by the father, and therefore there can be no adjudication in this case to the contrary. The cardinal inquiry in all such cases is: What is the best interest of the infant children? They are in no wise responsible for the marriage or divorce of these people, and they cannot be connected in any responsible manner with the financial misfortunes of the mother. Consequently they must be the innocent sufferers from the failure of the father to contribute to their support. His duty to furnish them the necessities of life is a natural one, which it is impossible to understand how a father, who loves his children, would seek to evade. It is also a duty imposed upon him by the law of the land, which he cannot evade. These principles were settled in the case of *Evans* v. *Evans,* 125 Tenn., 112, 140, S. W., 745, Ann. Cas., 1913C, 294. It is true that in

that case the divorce was granted at the suit of the mother, and the custody of the child was awarded to her. It was held that the divorce was not an obstacle in the way of requiring the father to contribute to the support of the child. In this case the divorce was granted at the suit of the father, but the custody of the two daughters was awarded to the mother; the court adjudging that she was the proper person to have their care and tuition, and she being also financially able at that time to support and maintain them. There has been a change in her financial situation, for which she is not responsible; but she still is the legal custodian of the daughters. This is not called in question by the father, and he contents himself with saying that he is willing to support his daughters if he is given their custody. The circuit judge awarded him their custody, but this was plainly *coram non judice* and void. The thought embodied in defendant's statement is supposed to be borne out by the case on *Toncray* v. *Toncray,* 2 Shan. Cas., 408. But, as we have intimated heretofore, the general rule laid down in *Toncray* v. *Toncray,* supra, cannot be made the basis for denying these children the right of support from their father. They are entitled to the necessities of life from the father, and he cannot shield himself from this right of theirs by saying that he is willing to support them if given their custody, when he knows well that their custody had previously been awarded to the mother, and he had not sought to change this award. We do not

say that he could change it, but we do say that his attitude in this case impresses us that he does not desire either their custody or to contribute to their support and maintenance.

We disapprove of what the court of appeals has said concerning the moral life of defendant. This is not supported by the evidence. We base our conclusion upon the conceded facts that petitioner has become financially disabled to support her children since she was awarded their custody without fault upon her part; that the children are entitled to support and maintenance from the father, notwithstanding the divorce; and that the father cannot make his duty to contribute to to their support and maintenance depend upon his right to their custody, when he knows that petitioner is their legal custodian under a former decree of the circuit court and that he is making no attempt to change this decree. There may be no legal reason for changing the decree, and in that event defendant's duty to contribute to the support of his minor children would be none the less. The reasons in support of this holding are fully set out in *Evans* v. *Evans,* supra, and need not be repeated here.

We also think that the children are entitled to their reasonable counsel fees incurred in their behalf, otherwise they would be helpless to enforce their right of support and maintenance against a reluctant father. The same reason which allows a wife counsel fees in a suit for divorce applies with full force to this case.

Graham v. Graham.

There is a sound public policy which places in easy reach of the minor children the machinery of the law to compel their rights by suit against an unwilling father. The right to have him pay reasonable counsel fees is inseparable from this right.

We are not granting the divorced wife any relief whatever, and, as we understand her petition, she is not seeking relief against defendant. The petition is filed by her as next friend of the two daughters. The contribution required of defendant is not for her benefit, but is for the benefit of his children. For this reason the action of the court of civil appeals in directing him to pay the money into the hands of the clerk of the circuit court, to be applied by him to the support and maintenance of the daughters, was proper. This is a guarantee by the court that the contribution exacted from defendant will be applied to the ends and purposes for which they are collected. It is not proper that petitioner should have the right to receive or expend this money, because she has no rights against defendant.

The writ was heretofore granted *pro forma,* in order to save the bar of the ninety-day statute, and to give the court time in which to investigate the questions made upon the two petitions. The judgment of the court of civil appeals is modified and affirmed.