MARIE SCHNEIDER, Appellee, v. EMIL SCHNEIDER, Appellant.

DECEMBER 14, 1928.

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Bert L. Dickason,* for appellee.

ALBERT, J.—Plaintiff and defendant were married on June 9, 1913. There were two children born to this marriage. The grounds of the divorce were cruel and inhuman treatment, and a charge that the defendant had become addicted to the excessive use of alcoholic beverages, and had become a habitual drunkard. The decree granted the divorce, gave to the plaintiff the custody of the two children, and allowed alimony in the sum of $40 per month, commencing January 1, 1927. Little good can be accomplished in these cases by setting out the testimony, as each case depends upon its own facts. Suffice it to say, we have read this record with care; and while the showing made is not the strongest, we are disposed to agree with the decision of the lower court, and hold that the evidence is sufficient to warrant the decree entered.

The original decree was entered on December 15, 1926; and

on January 25, 1927, the defendant made application for a modification of the decree, and, as a basis for such modification, he made a showing that, immediately after the entry of the original decree, the plaintiff took the two children to St. Louis, and established a home there. The original decree provided the right of visitation to the father, under the provisions usually made in cases of this kind. The point made in the application is that, when the children were taken out of the jurisdiction of the court, defendant was deprived of his right to visit them, as provided in the original decree. He says that he is ready and willing to pay the alimony provided in the decree, but insists that he should not be required to pay the same until the children are located where he can exercise his right of visiting them; and he asks that the court order that he be not required to pay such alimony until the *status quo* is established in Council Bluffs, so that he may have the benefit of the decree as to the right of visiting the children. The district court held against him on this proposition, but did provide that the defendant should pay into court the sums fixed in the decree, at the times fixed therein; and that the plaintiff should file with the clerk, before receiving each and all of said sums, a sworn statement showing where such children might be visited by the defendant, giving the exact and complete address; and that, until such statement was filed, payment should not be made by the clerk to the plaintiff. The application for the modification of the decree was, in all other respects, overruled.

The appellant argues his position on the theory that the original decree prohibited plaintiff from removing the children from the jurisdiction of the court. We do not find any such provision within the terms marked out in the original decree. The matters considered in this application were matters wholly within the discretion of the court; and since he had the parties before him, and knew and understood the situation in the case; and reached the conclusion he did, we have no disposition to disturb the same on this appeal.

The question of whether he should penalize the plaintiff by refusing to pay alimony until the children were placed in a home in Council Bluffs is largely, if not wholly, a matter of discretion with the court, and we do not think he abused his discretion. It is true that there is some equity in the complaint

of appellant that he, being a wage earner, and being required to pay the amount specified in the decree to the support of these children, in addition to his own incidental expenses, would probably have very little left to defray the expenses of trips to St. Louis to visit these children; yet we are unable to see where we are in a position to remedy this situation. Future developments in the case may be such that, on another application, the court may find some relief, under a change of circumstances. It is our opinion that the district court did the best it could with the situation it had before it, and its action has our approval.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.