ZIRKLE *v.* ZIRKLE.

[No. 25,834. Filed June 27, 1930.]

130

*Bingham & Bingham* and *Barnard & Jeffrey*, for appellant.

*Evans & DeWitt*, for appellee.

GEMMILL, J.—Appellant was granted a divorce from the appellee by the Henry Circuit Court, on January 5, 1923. It was ordered and adjudged by the court that the custody of the minor child of the parties be awarded to the appellant, and the appellee was to have the right to visit the child at all reasonable times. The appellee was ordered to pay to the clerk of the court for the use of the defendant for the support of the child the sum of $5 each week, beginning January 8, 1923, and continuing until the further order of the court. The court later modified this order by reducing the amount until such

time as the child should reach the age of six years.

On October 13, 1928, the appellant filed her verified motion and petition to redocket said cause and to have citation issue against appellee to show cause why he should not be punished for contempt for failure to comply with the order of the court to pay to the clerk of the court support money for said child. The petition stated that he had not made any payments for this purpose since December 3, 1926, when the child became six years old; that, since said date, the child had been supported by the appellant, and although the appellee was amply able to make the payments ordered by the court, he had failed and neglected to do so since that time. The prayer was that an order issue against appellee to show cause why he should not be punished for contempt for violation of the order and why he should not be compelled to pay immediately to the clerk the sum of $480, the amount she claimed was due. To the petition and writ of citation issued thereupon, appellee filed a sworn response and answer, in which he alleged that appellant, in violation of her legal right to do so, had removed said child from the jurisdiction of the court and kept her in the State of Michigan, and, by reason thereof, appellant was not entitled to enforce said order and judgment against him.

The appellant excepted to the return or answer to the petition and later filed a demurrer to said answer, for the reason that sufficient facts were not stated therein. The exception and demurrer were each overruled. The petitioner then filed a general denial. The matter was submitted to the court and evidence heard, and the court ordered and adjudged that the appellant recover from the appellee the sum of $125 as arrears in the payment of support money for said child, and that payment be made within 10 days. Appellant filed a motion for a new trial, which was overruled.

On appeal, the appellant has assigned errors as follows:

Overruling appellant's exception to the return of appellee to the petition and the citation; overruling appellant's demurrer to answer of appellee to the petition and the citation; and overruling appellant's motion for a new trial on the petition. Another error is assigned, but same is covered by the motion for a new trial.

The question presented in this appeal is whether the appellee was relieved from making the weekly payments to the clerk for the support of the child, ordered by the court, when the appellant took the child out of the state, so that the child was not where it could be readily visited by the appellee. The answer of appellee shows that, when the appellant was given the custody of the child, she was living in Indianapolis and without the jurisdiction of the court, and that the appellee lived in Henry County.

Section 1112 Burns 1926 is as follows: "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage." In several cases, it has been held that it is the imperative duty of the court, in decreeing a divorce, to make such provision.

In divorce cases, the court has continuing jurisdiction with respect to children, and may modify its decree at any time during the minority of the children. *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86; *Julian* v. *Julian* (1916), 60 Ind. App. 520, 111 N. E. 196. The order of the court as to children in a divorce case is binding upon the parties until the same is modified or set aside. *Williams* v. *Williams* (1859), 13 Ind. 523; *Leming* v. *Sale* (1891), 128 Ind. 317, 27 N. E. 619; *Hardin* v. *Hardin* (1907), 168 Ind. 352, 81 N. E. 60. In *Stone* v. *Stone, supra*, this court said: "The court granting the divorce must be deemed to have full and continuing jurisdiction, during the minority of such

children, to make from time to time such orders and modifications thereof, with respect to their care, custody, and control, as are deemed expedient; the interests of society and welfare of the children, in all such inquiries, being the paramount and controlling consideration." If, after a decree of divorce, awarding the custody of the children to the successful party, matters are so conducted as to deprive the other parent of the right to see the children, the court can find means to enforce and protect such right. *Eaton* v. *Eaton* (1922), 237 S. W. (Mo. App.) 896; *Copeland* v. *Copeland* (1916), 58 Okla. 327, 159 Pac. 1122, L. R. A. 1917B 287.

In *Joab* v. *Sheets* (1884), 99 Ind. 328, the court said: "The alleged misconduct of the appellee in having disregarded, and in planning for the further disregard of, some of the provisions in the decree of divorce, concerning the custody of the child, might have afforded some reason for the modification of, or some change in, those provisions in a direct proceeding to that end, but it did not of itself work a forfeiture of any of the appellee's rights or responsibilities under the decree." In that case, it was held that where, upon granting a divorce, the custody of a child was given to the wife, with directions forbidding its removal from the court's jurisdiction, a disregard of such direction did not *per se* give the father a right to such custody.

In another jurisdiction, it has been held that payments exacted by an original decree of divorce become vested in the payee as they accrue, and the court, on application to modify the decree, is without authority to reduce the amounts or modify the decree with reference to payments retrospectively, the modifying decree relating to the future only, and from the time of its entry. *Kell* v. *Kell* (1917), 179 Iowa 647, 161 N. W. 634; *Delbridge* v. *Sears* (1916), 179 Iowa 526, 160 N. W. 218.

Appellee cites and relies upon *Eberhart* v. *Eberhart*

(1922), 153 Minn. 66, 189 N. W. 592. A former appeal is reported in 149 Minn. 192, 183 N. W. 140. In the first appeal, it appears that the trial court denied plaintiff a divorce, but entered a decree as to the custody of a child during the continuance of the estrangement. On the second appeal, the court held that where a motion was submitted upon affidavits asking for the custody of a minor child, and the fixing of an amount for its support, the parents living apart under a decree of separation, it was error to relieve the defendant from the payment of accrued support money and to dismiss the action. The higher court said: "Whether the court could altogether relieve the defendant of accrued support money we need not inquire." The Supreme Court held that, as the plaintiff had removed the child from the jurisdiction of the court, the defendant should be relieved from contributing to its support so long as it was kept without the state; but, if the defendant should make payment of all accrued support money, the child should be returned to the state, where the defendant might have an opportunity of visitation. What was ordered in that case, fixing the rights and obligations of the parties, cannot be taken as an authority in the instant case to sustain the judgment of the trial court.

In the case under consideration, it must be presumed that the order as to custody and support of the child was made for the benefit of the child. The child was ██ and still is entitled to have the order executed. The order has not been modified or set aside. The decree did not provide that the child should be kept in the state. It does not appear that appellee ever attempted to have the order modified, or ever made any effort through the court to have the child returned to the court's jurisdiction or to this state. If appellant, without the consent of the court, or without right, took the child out of the state, that act did not give appellee any

reason for refusing to make the weekly payments which the court had ordered. After hearing evidence on the petition, the court ordered appellee to pay for the greatest possible showing of time the child was in this state after its removal to the State of Michigan, it having been in Indiana during school vacations and on visits. But, after payments had accrued, it was not within the power of the court to annul any of them in this proceeding.

The return or answer of appellee to the petition did not state facts sufficient to constitute a cause of defense. Appellant was entitled to a new trial on the petition, as the assessment of the amount of recovery was too small.

The judgment is reversed, with directions to the trial court to sustain the motion for a new trial, to sustain the exception to the return or the demurrer to the answer to the petition, and for further proceedings in accordance herewith.