# PENDRAY V. PENDRAY.—245 S. W. (2d) 204.

Eastern Section.   May 30, 1951.

Petition for Certiorari denied by Supreme Court, December 14, 1951.

Chas. D. Goins, of Chattanooga, for plaintiff in error.

J. Hamilton Cunningham, of Chattanooga, for defendant in error.

McAMIS, J.   The question here presented is whether a father should be relieved of supporting his children because his former wife, their mother, has not complied to his satisfaction with the provisions of the divorce decree awarding her exclusive custody of the children but permitting him to visit them at reasonable times and places.

This case originated as a suit for divorce in which Julia Condon Pendray sued Thomas Pendray charging cruel and inhuman treatment.   A decree of absolute divorce was awarded her on October 12, 1946.   The same decree awarded the custody of two sons, now aged 14 and 10, to her and provided that the defendant should pay $100 per month for the support and maintenance of the children. During the same year Mrs. Pendray, with the knowledge and consent of the defendant, moved to Miami, Florida, taking the children with her.   In 1947, she and Richard Hoeller were married and they have since resided in Florida.

The defendant filed a petition seeking a reduction of the allowance for the support of the children July 27,

1949, which, after a hearing, was disallowed. A second petition was filed on his behalf May 31, 1950, which resulted in a decree of October 9, 1950, relieving him of liability for the support payments provided by the original decree from and after May 31, 1950. By the same decree it was provided that the exclusive custody of the children should continue with their mother, Mrs. Julia Pendray Hoeller, and that "Thomas Pendray is precluded from seeing said minor children." Mrs. Hoeller filed a petition to rehear which was overruled on December 5, 1950, and she has prosecuted the present appeal to this court. The defendant did not appeal from that portion of the decree which denied him the right to see his children in the future.

It is not insisted that there has been such a change in the financial circumstances of either party as would warrant relieving defendant of future support. The insistence, sustained by the trial court, is that defendant should be relieved of this burden because, as the result of the bitterness and animosity which has developed between the father and mother following the divorce, Mrs. Hoeller has threatened to permit and has permitted the children to drop their father's name and take the name of Hoeller, because she has caused them to lose all affection for defendant, because while he was visiting in Miami she swore out a peace warrant and had him placed in jail, because she has engaged in physical violence on one or more occasions and wrote certain letters to his employer and others in Chattanooga disparaging his morals and character.

These charges and the efforts of each party to place the blame on the other seem to have shaped the issues before the trial judge. Although we think these questions largely immaterial a careful study of the record

has left us unable to reach a satisfactory conclusion as to which of the parties is most to blame for the unfortunate situation which has arisen. We think it should be borne in mind, however, that the present difficulties had their beginning in the fault of the husband which gave rise to the suit for divorce and, due to no fault of the children, left them to the usual fate of children of divorced parents. The action of the mother in permitting or encouraging the children to drop their father's name and take on the name of her present husband and her lack of cooperation in defendant's efforts to see his children would be material on the question of custody and if persisted in might warrant a decree changing the custody but as to that we express no opinion at the present time because defendant has not appealed from that portion of the decree continuing the exclusive custody with Mrs. Hoeller. It is not, in our opinion, controlling on the obligation of the father to continue supporting his children.

The current of authority on the question is that except where so conditioned in the original decree as in Weinbaum v. Weinbaum, R. I., 153 A. 303, or where the mother seeks to enforce a private agreement for support by the father of children in her custody but giving the father the right to see the children at reasonable times as in Cole v. Addison, 153 Or. 688, 58 P. (2d) 1013, 105 A. L. R., 897, the refusal of the mother to allow the father to see the children does not relieve him of the obligation of supporting the children of the marriage. Zirkle v. Zirkle, 202 Ind. 129, 172 N. E. 192; Altschuler v. Altschuler, 246 App. Div. 779, 284 N. Y. S. 93; Schneider v. Schneider, 207 Iowa 189, 222 N. W. 400; Com. ex rel. Firestone v. Firestone, 158 Pa. Super. 579, 45 A. (2d) 923.

While not involving a modification of a former decree providing for support, the reasoning of Evans v. Evans, 125 Tenn. 112, 140 S. W. 745, 746, is appropriate to this case. We quote: "The reasons favoring the majority view are that the law of nature and the law of the land require of the father the support of his minor children. This is a definite and fixed obligation, which both the children and society itself are entitled to have enforced against him. If divorce is sought by his wife, the mother of the children, it can only be obtained by her for some wrong or dereliction on the part of such husband and father, shown to have been committed. * * * The child was blameless. It was not responsible for the differences of its parents. It was no party to the divorce proceedings, and should not be deprived of a father's support, by reason of matters over which it had no control." And see to the same effect Graham v. Graham, 140 Tenn. 328, 204 S. W. 987; Owen v. Watson (Owen v. Dyersburg General Hospital), 157 Tenn. 352, 8 S. W. (2d) 484; Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406.

Defendant concedes that under these holdings the father could be held liable in an independent action for necessaries furnished the children. If so, it is by virtue of the same duty growing out of the moral and legal obligation of a parent to support his children and we can see no reason why the duty could not be recognized and enforced as well in the present action as by the multiplicity of suits which would result by requiring the bringing of independent actions.

While we agree that the court had power to terminate entirely the obligation of defendant to continue making support payments upon a proper showing, Bowman v. Bowman, 29 Cal. (2d) 808, 178 P. (2d) 751, 170

A. L. R. 246, it is not in our opinion proper to deprive the children of the support to which they are entitled because of the supposed misconduct of the mother.

We think the former allowance of $100 per month should be continued. It appearing, however, that defendant was allowed to discontinue making payments for a time by a former decree, and to require him to pay in full the accumulated installments now amounting to more than $1,000 would likely cause further bitterness and be difficult to enforce we think it proper for the judgment here to provide for the payment of $500 as in full up to the present date. Costs will be adjudged against defendant and the cause remanded for the fixing of counsel fees and the enforcement of the allowance.

Hale and Howard, JJ., concur.

### ON PETITION TO REHEAR.

McAMIS, J. Defendant has filed a petition to rehear asserting that Mrs. Hoeller is in affluent circumstances and has alienated the affections of the children for defendant and for these reasons and the further reason that defendant has now been deprived of the right to see the children the judgment relieving him of further payments for their support should be affirmed. These matters were all considered on the original hearing and the petition presents nothing new for our consideration. We adhere to our original holding. It is not a question of how affluent Mrs. Hoeller may be, though we think the record shows that her present husband is supporting the children. The question is, can defendant be exonerated from supporting his children by the misconduct charged against his former wife? We think not.

The petition must be dismissed at defendant's cost.

Hale and Howard, JJ., concur.