PATRICIA HESTER, Plaintiff in Error, v. KEITH HESTER, Defendant in Error.—443 S.W.2d 28.

Eastern Section. October 9, 1968.

Certiorari Denied by Supreme Court March 3, 1969.

614

Davis & Corn, Cleveland, for plaintiff in error.

Finnell, Thompson & Shockey, Cleveland, for defendant in error.

McAMIS, P.J. Patricia Hester has appealed from the action of the Circuit Court of Bradley County dismissing her suit to recover a deficiency alleged to be due for alimony and child support under a decree of the Superior Court of Rome, Georgia.

The assignments are that the court erred (1) in treating the suit as one to have defendant adjudged in contempt of court, (2) erred in denying relief on the ground the plaintiff, Mrs. Hester, had not allowed defendant to enjoy the visitation rights granted him by the divorce decree and the Court "did not intend for this court to have any control over * * * visitation rights * * *" and (3) erred in holding Mrs. Hester had herself failed to perform her obligations under the Georgia decree.

The first assignment is sustained. The petition makes no mention of contempt and seeks only a recovery of support and alimony alleged to be due under the Georgia decree.

The second assignment raises the pivotal and controlling issue.

The parties were divorced at the instance of the wife in March, 1966. The domicile of the parties and that of their four children was at Rome, Georgia, where the defendant was a practitioner of medicine. A few months after the divorce defendant left Rome, Georgia, and moved to Chattanooga, Tennessee. Still later he moved to Cleveland, Tennessee, where he has since been engaged in the practice of his profession. Mrs. Hester has continued to live with the three younger children at Rome, Georgia.

The decree of divorce granted custody of the oldest child, a daughter, to the father and the three younger children to the mother. Each of the parties was granted reasonable visitation rights. The decree required the defendant to pay monthly the sum of $200.00 as alimony and $600.00 for child support.

According to plaintiff's testimony, for three or four months defendant complied with the decree by paying $800.00 each month, then defaulted for three or four months, and paid only $500.00 for November, 1966, and the same amount for December, 1966. Apparently it was sometime during 1966 that defendant moved to Chattanooga. Plaintiff testified she became in dire circumstances and filed a Reciprocal Support Action in the Criminal Court of Hamilton County where in December, 1966, a judgment was entered requiring defendant to pay for the support of the three children in plaintiff's custody the sum of $450.00 per month. Plaintiff has since been receiving that amount, less a commission deducted by the Clerk. Defendant has not been paying anything as alimony, as we understand the record, since July or August, 1966.

Plaintiff concedes she has attempted to hinder and, if possible, prevent defendant from seeing the children but insists she was justified by defendant's announced intention never to return them, because of defendant's conduct in bring along his second wife, forbidden by the decree, and because he had frightened the children in attempting to exercise his visitation rights.

On this admission and proof of the judgment in the Reciprocal Support Action, the Trial Judge upon his own motion announced at the close of plaintiff's testimony that since he could not control or enforce the visitation rights of defendant he would not "try the case piecemeal" and dismissed the suit. Defendant offered no proof.

It is to be kept in mind that the purpose of the suit was to recover a deficiency both in the payment of ali-

mony and child support. Each of these claims requires separate treatment. We consider first the correctness of the Court's ruling as to child support.

■ The question of defendant's right to resist enforcement of the allowance for child support because of the alleged denial of visitation rights is directly ruled by Pendray v. Pendray, 35 Tenn.App. 284, 245 S.W.2d 204 and in principle by Thomas v. Thomas, 206 Tenn. 584, 335 S.W.2d 827 which cites the Pendray case with apparent approval.

In Pendray v. Pendray the mother was granted custody with visitation rights to the father by the Circuit Court of Hamilton County, Tennessee. After the divorce the mother remarried and moved with the children to Florida. Later, the father filed a petition in the divorce suit seeking to be relieved of support payments because of the alleged misconduct of the mother in swearing out warrants for the father when he went to Florida to exercise his visitation rights, changing the name of the children, poisoning their minds against their father and refusing to allow the father to see the children. In that case we said:

"The action of the mother in permitting or encouraging the children to drop their father's name and take on the name of her present husband and her lack of cooperation in defendant's efforts to see his children would be material on the question of custody and if persisted in might warrant a decree changing the custody but as to that we express no opinion at the present time because defendant has not appealed from that portion of the decree continuing the exclusive custody with Mrs. Hoeller. It is not, in our opinion, controlling on the obligation of the father to continue supporting his children.

"The current of authority on the question is that except where so conditioned in the original decree as in Weinbaum v. Weinbaum, R. I., 153 A. 303, or where the mother seeks to enforce a private agreement for support by the father of children in her custody but giving the father the right to see the children at reasonable times as in Cole v. Addison, 153 Or. 688, 58 P.2d 1013, 105 A.L.R. 897, the refusal of the mother to allow the father to see the children does not relieve him of the obligation of supporting the children of the marriage. Zirkle v. Zirkle, 202 Ind. 129, 172 N.E. 192; Altschuler v. Altschuler, 246 App.Div. 779, 284 N.Y.S. 93; Schneider v. Schneider, 207 Iowa 189, 222 N.W. 400; Commonwealth ex rel. Firestone v. Firestone, 158 Pa.Super, 579, 45 A.2d 923.

"While not involving a modification of a former decree providing for support, the reasoning of Evans v. Evans, 125 Tenn. 112, 140 S.W. 745, 746, is appropriate to this case. We quote: 'The reasons favoring the majority view are that the law of nature and the law of the land require of the father the support of his minor children. This is a definite and fixed obligation, which both the children and society itself are entitled to have enforced against him. If divorce is sought by his wife, the mother of the children, it can only be obtained by her for some wrong or dereliction on the part of such husband and father, shown to have been committed. The child was blameless. It was not responsible for the differences of its parents. It was no party to the divorce proceedings, and should not be deprived of a father's support, by reason of matters over which it had no control.' And see to the same effect Graham v. Graham, 140 Tenn. 328, 204 S.W. 987; Owen v. Watson (Owen v. Dyersburg

General Hospital), 157 Tenn. 352, 8 S.W.2d 484; Davenport v. Davenport, 178 Tenn. 517, 160 S.W.2d 406.''

In Thomas v. Thomas, supra, the father sought to be relieved of support payments because the mother had remarried and moved to another state taking the children with her, so that he could not exercise his visitation rights. In affirming the action of the Circuit Judge refusing to relieve the father of support the Supreme Court, citing Pendray v. Pendray, supra, based its decision on the fault of the father in the divorce action and on the fact that the children were innocent of any wrong and were entitled to support from their father.

So in this case, the innocent children of this marriage are the victims of attempts by each of the parents to place the blame on the other. The mother refuses to allow the father to see the children because she claims he frightens them and threatens to keep them and the father resists enforcement of the decree providing for their support because he can not see them. Provisions in divorce decrees for support and visitation rights have separate and distinct purposes. Support payments are decreed to meet the material needs of the child. Visitation rights are also for the benefit of the child, as well as the father. Neither should be left to depend upon the will or whim of the parents or either of them.

The father has not seen fit to apply to the court which awarded custody, sitting where the mother resides and where the children are domiciled, to enforce his visitation right by whatever means deemed appropriate by the court but instead has forced the mother to come to Tennessee for relief and now attempts to rely upon the judgment in the reciprocal support proceeding to reduce

the award for the support of his children, although admitting in his answer that he is able to pay more than $450.00 per month for their support.

■ Our cases hold without exception that in cases like the present where the mother having legal custody resides with the children in another state the courts of that state have jurisdiction to determine custody. Kenner v. Kenner, 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E 587; Burden v. Burden, 44 Tenn.App. 312, 313 S.W.2d 566.

■ Visitation rights are interwoven with the right of custody and, generally, should be left under the control of the court having jurisdiction to control custody.

■ Upon first consideration we were inclined to hold that by instituting and receiving the benefit of the reciprocal support judgment, plaintiff had impliedly consented to a reduction in child support from $600.00 per month to $450.00 per month. T.C.A. 36-926, however, expressly provides that a judgment for support under the Reciprocal Enforcement statute shall not supercede "any previous order of support or separate maintenance action". The terms of the statute being directly applicable must be given effect.

The related but somewhat more difficult question of the father's right to abate alimony payments because of the action of the mother refusing to allow visitation rights remains to be considered. The right to have an abatement on that ground is more intimately involved with the custodial rights of the mother and, as said in Pendray v. Pendray, supra, in extreme cases might become a material factor in considering a change of custody. See also 24 Am.Jur.2d 921.

We recognize, however, that there are cases holding the wife will be denied the aid of the court in collecting alimony where she continues to deny in bad faith the visitation rights of the father, at least until she shows a disposition to desist from such wrongdoing. Anno. 88 A.L.R. 199; 95 A.L.R.2d 154; 24 Am.Jur.2d 920, 921, Divorce and Separation, Section 810. There is no showing that Georgia follows this rule.

Such evidence as we have in this case indicates Mrs. Hester did not act in bad faith but in an effort to protect her children and her custodial rights under the Georgia decree. If defendant felt he was being denied his rights under the decree he had his remedy by applying to the Georgia court for an appropriate order. Instead, he ignored his obligation under the decree and now seeks to have the question adjudicated in Tennessee where it would be impossible to enforce the attendance of material witnesses including police officers of Rome, Georgia, who are shown by the record to have some knowledge of the facts. It is not inconceivable that to deny enforcement of the decree in this case would, for all practical purposes, make it impossible for plaintiff ever to enforce her rights under the decree. Upon the ground of forum non conveniens, if upon no other, we would hold the Georgia court to be the proper forum to have a judicial determination of whether alimony payments should be suspended on the ground defendant has been improperly denied visitation rights.

We have no indication from the record whether Georgia treats as final or subject to modification future payments of alimony. If we assume they are subject to future modification the courts of Tennessee may but are not obliged by comity or under the full faith and credit

clause of the Federal Constitution to enforce payment of arrears. Barber v. Barber, 180 Tenn. 353, 175 S.W.2d 324; 24 Am.Jur.2d 1117.

█ Since we have no information as to whether Georgia recognizes as a ground for the abatement of alimony payments the failure or refusal of the mother to permit the exercise of visitation rights by the father, the mother's action with reference to visitation rights is not shown to be a defense to the present action.

█ Under the public policy of Tennessee the accumulated amount due under foreign alimony decrees will be enforced in Tennessee to the same extent as the decrees of Tennessee Courts, even to the extent of holding the respondent in contempt for failure to pay the entire sum. Thones v. Thones, 185 Tenn. 124, 203 S.W.2d 597. All that was said in the exhaustive opinion in that case favors the right of Mrs. Hester to maintain the present action.

We have concluded the proper judgment to be here entered is to reverse and remand the case for entry of a judgment for the amount found to be delinquent both in child support and alimony under the Georgia decree up to the date of the filing of the petition in this case, but without prejudice to the right of defendant to seek whatever action he may desire in the Superior Court of Rome, Georgia, as to payments due after that date. In arriving at the amount due and unpaid for child support the commission deducted by the clerk of the Criminal Court of Hamilton County will be charged against defendant.

All costs will be taxed to defendant.

Cooper and Parrott, JJ., concur.

## On Petition to Rehear

McAMIS, P. J.

Defendant in error Keith Hester has filed a petition to rehear. The burden of the petition seems to be that he should be granted a remand for the purpose of showing the laws of Georgia, although the brief makes no reference to Georgia statutes or decisions, and that Mrs. Hester should be repelled because she is in contempt of the Georgia court.

Defendant in error was content to acquiesce in the Court's action dismissing the suit. He offered no testimony and gave no notice of his intention to rely on Georgia law. He now seeks another trial which can only result in months, perhaps years, of delay. And, while relying on Mrs. Hester's alleged contempt, he is asking for a rehearing and another trial although he himself is in violation of the orders of the Georgia court both as to the payment of alimony and child support and has offered no real defense under Tennessee law and so far as we are advised under Georgia law.

T.C.A. 24-610 provides that the laws of a foreign state can be relied upon only if reasonable notice is given to adverse parties or set forth in the pleadings. Where this is done the appellate court can take judicial notice of such laws and statutes. T.C.A. 24-613.

The defense in the trial court was that the suit should be dismissed because visitation rights had been denied and because the mother was in contempt of court. As held in Pendray v. Pendray, cited in our original opinion, in Tennessee denial of visitation rights is no defense in an action for child support and it can only be determined whether the mother is in contempt or

whether alimony payments should be disallowed, if at all, by determining whether her denial of visitation rights was wilful or in good faith. As we said in our original opinion visitation rights should be under the control of the court controlling custody rights, in this case the court in Georgia which is also the forum where the initial adjudication was made, where the witnesses, the children and the mother reside. For some reason the father chose to leave that forum and has assiduously refrained from returning for the relief he now seeks in Tennessee.

The petition takes issue with our statement that to deny relief in this case might make it impossible for plaintiff in error ever to enforce the decree. It is not explained, however, how service of process can be obtained in Georgia so that an in personam judgment could be obtained there.

It is erroneously assumed we adjudicated the question of justification of the denial of visitation rights. We did not make such an adjudication but, on the contrary, expressly provided the judgment to be entered will be without prejudice as to installments of alimony and child support accruing after this suit was filed.

The petition to rehear is denied at the cost of petitioner.

Cooper and Parrott, JJ., concur.