June Emily SCHMIDT, Plaintiff-Appellee,

v.

William SCHMIDT, Defendant-Appellant.

Supreme Court of Tennessee.

April 16, 1973.

Goodall & Bone, Gallatin, for plaintiff-appellee.

Stewart, Black & Ayers, Madison, for defendant-appellant.

## OPINION

JOHN W. WILSON, Special Justice.

The parties will be designated as in the trial court: June Emily Schmidt as plaintiff, and William Schmidt as defendant.

On March 14, 1972, the plaintiff filed this action in the Chancery Court of Sumner County, Tennessee, seeking to have established as a foreign judgment in that court a judgment of the Superior Court of the State of California, County of Alameda, divorcing the parties herein, the proceedings in the California court being certified under the Act of Congress.

The proceeding before the Chancellor comes to this Court upon the technical record.

It appears from the allegations in the plaintiff's complaint, the exhibit thereto, and the answer of the defendant, that the parties formerly resided in California and, after their marriage of over twenty-nine years, the husband sued for divorce and the wife filed a cross-bill, on which she was granted an interlocutory decree of divorce. The parties entered into a property settlement agreement which was approved by the court and made a part of the decree, and each of the parties ordered to comply with the terms thereof. The decree provided, among other things, that the husband would pay the wife $250.00 a month as alimony, one-half on the fifth and twentieth day of each month, commencing on October 20, 1967 until further order of the court. This interlocutory order was made a part of and incorporated in the final judgment of divorce entered on October 11, 1967.

Subsequent to the divorce decree, the defendant established his residence in Sumner County, Tennessee.

The complaint alleged that the defendant was in arrears in the alimony payments, under the California decree, in the amount of $2,750.00; the prayer for the relief sought is in the following language:

"2. That plaintiff have a decree or judgment against the defendant for the amount due and owing to plaintiff from the defendant in the amount of $2,750.00, and·such other amounts as may accrue up until the time of the adjudication of this cause, and for reasonable attorney's fees.

3. That plaintiff have such further and other relief as her cause will warrant and as Your Honor may deem proper."

On June 15, 1972, the defendant filed an answer and cross-petition and in the answer admits the delinquency as alleged by the plaintiff, and the prayer to the cross-petition is as follows:

"1. That the cross petitioner incorporates in his cross action any necessary exhibits and allegations as contained in the original petition so as not to be set out here in duplicity.

2. That the cross petitioner have nullified or revoked, or in the alternative modified, the previous decree handed down by the State of California as evidenced by Exhibit F of the original petition for the following reasons:

(a) Due to the change of no fault divorce in California it is contrary to the theory of alimony which is in keeping with California being a community property state.

(b) It is unconstitutional under the Fourteenth Amendment as not providing him equal protection under the law.

(c) That the cross defendant is now working full time.

(d) That the defendant is now unable to pay the amount as originally decreed.

(e) The Court is within its authority under the present laws to justly abate alimony, without requiring showing of change of circumstances."

On June 26, 1972, the court ordered as follows:

"THIS CAUSE came on to be heard before the Honorable Edward M. Turner on the 26th day of June, 1972, upon the complaint, the exhibits thereto, and especially the certified judgment from the State of California, the answer and cross-petition of the defendant, the oral motion by counsel for the plaintiff for a summary judgment on the complaint, upon the motions to dismiss by counsel for the plaintiff with regard to the cross-petition of the defendant, and argument of counsel in Open Court, from all of which it appears to the Court as follows:

(1) That the motion by the plaintiff for a summary judgment on the complaint is proper and should be allowed, as hereinafter specifically set forth.

(2) That the plaintiff's motion to dismiss the cross petition should be overruled and disallowed, to which action of the Court, the plaintiff excepted.

(3) That the portion of the plaintiff's motion to dismiss relative to the collateral attack on the judgment from the State of California is proper and, therefore, the Court ORDERS that on JULY 28, 1972, only that part of the cross-petition which requests modification of the original judgment relative to future support, be set for hearing at the next term of Court.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiff, JUNE EMILY SCHMIDT, have and recover of the defendant, WILLIAM SCHMIDT, the sum of TWO THOUSAND SEVEN HUNDRED FIFTY ($2,750.00) DOLLARS, the arrearage as of March 1, 1972, and the Court further ORDERS that the defendant shall pay this judgment at the rate of FIVE HUNDRED ($500.00) DOLLARS each month until the same has been paid in full, the first payment being due on or before the TENTH (10th) DAY OF JULY, 1972, and the costs, for all of which execution may issue, if necessary."

From the technical record it appears that on July 26, 1972, the defendant filed a motion for new trial in the following language:

"Now comes the defendant and moves the Court for Motion for New Trial on the following grounds:

1. The summary judgment given was contrary to the Rules of Civil Procedure in that no notice was given nor proper or sufficient notice given.

2. The judgment is rendered contrary to the law.

3. The judgment given was contrary to the facts as stated in the pleadings.

4. That the judgment was not a final judgment in California in which execution could be run and was void or voidable due to subsequent changes of the law in California.

5. The judgment was contrary to the Fourteenth Amendment to the United States Constitution in that the defendant was not being afforded equal protection under the law.

THEREFORE, now comes the defendant and moves the Court to set aside the summary judgment in order that he might have a trial on the merits of this cause and a new trial."

Thereafter, in the technical record there appears this order:

"THIS CAUSE came on to be heard before the Honorable Edward M. Turner, Chancellor, on the 15th day of August, 1972, upon the prior pleadings in this matter, the motion for new trial by the defendant, and the oral arguments of counsel in Open Court, from all of which it appears to the Court as follows:

(1) That the motion for a new trial by the Defendant should be overruled and disallowed, to which action of the Court, the defendant excepted, and prays an appeal.

(2) That the Court should not hear proof with reference to the cross-petition of the Defendant because of the evidence before the Court and the judgment of the Court that the Defendant has not paid the judgment of arrearage dated June 26, 1972, to which action of the Court, the Defendant excepted, and prays an appeal.

(3) That the judgment of arrearages as set forth in the order of this Court on the 26th day of June, 1972, in the sum of TWO THOUSAND SEVEN HUNDRED AND FIFTY and 00/100 ($2,750.00) DOLLARS, as of March 1, 1972, should stand, and should not be enlarged to include all arrearages to the date of this hearing, to which action of the Court, the Plaintiff excepted, and prays an appeal.

(4) That the prayer and request by the Plaintiff for attorney's fees should be overruled, and the attorney's fees shall not be allowed, to which action of the Court, the Plaintiff excepted, and prays an appeal."

The defendant assigns the following errors:

"I. The trial court erred in rendering a Summary Judgment for the plaintiff in disregard of Tennessee Civil Procedure, Rule 56.03, which provides for 30 days notice before the time fixed for hearing, which was not given.

II. The trial court erred in rendering a Summary Judgment without opportunity afforded the defendant to put on proof as it applied to the California Substantive Laws on no-fault divorce and support.

III. The trial court erred in not hearing the cross-petition, as the proceeding was not in a nature of contempt, not under 'The Uniform Reciprocal Support Act', T.C.A. 36–900 et seq., [36–901 et seq.] contrary to Tenn. Civil Procedure, Rule 13 on counter claims; and it was an attempt to establish a judgment from a decree not final.

IV. The trial court erred in rendering a judgment because the California decree was not a final judgment and was subject to the change of laws of California in 1969 and 1970.

V. The trial court erred in rendering a judgment because Tennessee would be giving greater force and effect to the decree than California would have given to such decree.

VI. The trial court erred in rendering a judgment from a California decree that was not final, not subject to execution, not in a nature of contempt, but rather in the nature of an order subject to modification, altering or revocation."

 As stated above, this matter is before the Court on the technical record and it is well settled in this State that in the absence of a bill of exceptions the appellate court must conclusively presume that the evidence justifies the verdict. Pennington v. General Motors Corporation, 49 Tenn.App. 240, 354 S.W.2d 479 (1961). However, as to the first assignment it appears from the answer of the defendant that he admits the amount of the delinquency claimed and, under Rule 56.03 T.R. C.P. the court was authorized to enter

summary judgment. Rule 56.03 T.R.C.P. provides, among other things, as follows:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

There was no error in the action of the Chancellor in granting the summary judgment.

■ As to assignment II, we find nothing in the technical record about the trial court refusing to permit the defendant to put on proof as it applied to the California substantive law on no fault divorce and support, nor what the proof might have been. The only thing in the technical record about the court refusing to hear proof is found in the order as to the hearing on August 15, 1972, which contains this recital:

> "(2) That the Court should not hear proof with reference to the cross-petition of the Defendant because of the evidence before the Court and the judgment of the Court that the Defendant has not paid the judgment of arrearage dated June 26, 1972, to which action of the Court, the Defendants excepted, and prays an appeal."

The only thing left before the court at the August 15, 1972 hearing was the question of modification of the California decree, for on the June 26, 1972 hearing the court had dismissed the cross-petition insofar as it made a collateral attack on the California decree. We find no merit in the second assignment.

■ Assignments III, IV and VI seem to be grounded upon the theory that the California decree was not final because it contained the provision, "subject to the further orders of the court." The new Family Law Act for California, California

Civil Code § 4801, provides, in part, as follows:

> ". . . Any order for support of the other party may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. . . ."

The above quoted portion of the California law indicates that any delinquency existing at the time of application to modify cannot be affected.

And it is also noted that California Civil Code § 4380 states as follows:

> "Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, attachment, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary."

We find no merit in assignments III, IV and VI.

■ We do not agree with assignment No. V. Assignment No. V is overruled.

From the case of Hester v. Hester, 59 Tenn.App. 613, 443 S.W.2d 28 (1969) (opinion written by McAmis, P. J.) we quote as follows, at page 623, 443 S.W.2d at page 33:

> "(8) Under the public policy of Tennessee the accumulated amount due under foreign alimony decrees will be enforced in Tennessee to the same extent as the decrees of Tennessee Courts, even to the extent of holding the respondent in contempt for failure to pay the entire sum. Thones v. Thones, 185 Tenn. 124, 203 S.W.2d 597. All that was said in the exhaustive opinion in that case favors the right of Mrs. Hester to maintain the present action."

■ We are of the opinion that the judgment of the trial court cannot be en-

larged so as to include any sums due since March 1, 1972, nor can it be enlarged so as to include any allowance for attorney's fees.

The judgment of the trial court will be affirmed. The costs are assessed against the defendant, William Schmidt.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.