Argued September 16, reversed and remanded with
instructions November 10, 1975

## WHALLON, *Appellant, v.* WHALLON
### (No. 363-882), *Respondent.*

542 P2d 155

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jerold L. Billings,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

## THORNTON, J.

This is an appeal from the dismissal of a proceeding brought by the Welfare Recovery Division (Division) of the Department of Justice on behalf of Janet Whallon, an ADC recipient, to vacate a modification of a support order.

Mrs. Whallon and defendant, Calvin H. Whallon, were divorced on March 3, 1971, with husband being ordered to pay $200 per month child support. Husband failed to fulfill his obligation of support and the Division in 1972 brought a contempt proceeding against him pursuant to ORS 23.780 and 23.785, which authorize the Division or the district attorney to do so when the obligee spouse is receiving public assistance. The husband was found to be in contempt and was ordered to pay the accrued arrears. The court, however, granted husband's motion to modify the original decree by reducing his future support obligation. Wife did not appear personally in that proceeding.

In June 1974 the Division brought this proceeding to have the 1972 modification vacated on the grounds that the court lacked jurisdiction to modify husband's support obligation because wife was not a party to the 1972 contempt proceeding and because husband there failed to show a change of circumstances. The wife contends that the 1972 proceeding was not brought on her behalf but on behalf of the state, and that since she was not personally served the modification could have no effect as to her.

The authority of the court to modify a support obligation is found in ORS 107.135, which provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage

or of separation is granted, upon the motion of either party and *after service of notice on the other party in the manner provided by law for service of a summons,* to:

"(a) * * * modify so much of the decree as may provide for * * * support and welfare of the minor children * * *

"* * * * *." (Emphasis supplied.)

The wife argues that the notice requirements of ORS 107.135 are applicable to the contempt proceeding of 1972 and that before husband could seek a modification there he was required to give notice to the wife "in the manner provided by law for service of a summons." ORS 15.080.

The husband on the other hand argues that the provisions of ORS 107.135 apply only when the obligor spouse *initiates* proceedings to modify and that a different manner is appropriate where the obligee spouse first initiates contempt proceedings and the obligor spouse seeks a modification as a *response* to that contempt proceeding. Husband argues that in the situation just described the motion to modify is akin to a counterclaim and that service may be made on the obligee spouse's attorney.

We would agree with defendant's contention if the 1972 contempt proceeding had been initiated by the ex-wife against her defaulting ex-husband. However that proceeding was initiated not by the ex-wife but by the Welfare Recovery Division of the Attorney General's office pursuant to ORS 23.780 and 23.785. Under those statutes the Attorney General represents the state and not the wife. It is our conclusion, therefore, that under the facts involved here the ex-husband's motion to modify should have been served personally on the wife.

Reversed and remanded with instructions to vacate the prior order of modification.