Helen KOEHLER, Petitioner-Appellee,

v.

Fred J. KOEHLER,
Respondent-Appellant.

Court of Appeals of Tennessee,
Middle Section.

April 1, 1977.

Certiorari Denied by Supreme Court
Aug. 1, 1977.

Brooks McLemore, Jr., Atty. Gen., State of Tenn., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Tenn., for petitioner-appellee.

James C. Vance, Nashville, Tenn., for respondent-appellant.

## OPINION

SHRIVER, Presiding Judge.

The parties will be referred to as appellant and appellee or petitioner and respondent.

The record herein shows that respondent, Fred J. Koehler, filed a bill for divorce in the Superior Court of Arizona in and for the County of Maricopa, against petitioner, Helen Koehler, and was granted an absolute divorce from Helen Koehler in that Court on August 16, 1965. In said decree of divorce the petitioner, Helen Koehler, was awarded the care, custody and control of the minor child of the parties, Jeffrey A. Koehler. A property settlement agreement, signed by the parties, was made a part of the decree wherein it was provided that Fred J. Koehler would pay the sum of $50.00 a month, on the first day of each month, through the Clerk of the Maricopa County Court for the support of the minor child of the parties, said payments to continue until the minor child becomes twenty-one years of age or is married or self-supporting.

Thereafter, on November 24th, 1975, petitioner, Helen Koehler, filed her petition in the Family Court of the State of New York, County of Onondaga, under the Uniform Support of Dependents Law, seeking to compel the respondent, Fred J. Koehler, to support his minor son, it being shown that the petitioner and her minor son were then bona fide residents of the County of Onondaga, New York, and that the respondent, Fred J. Koehler, was a non-resident of that State and County and then resided in Nashville, Davidson County, Tennessee.

On November 24, 1975, the Judge of the New York Family Court certified this cause to the Circuit Court of Davidson County, Tennessee, wherein it is asserted that a verified petition was filed in the New York Court against the named respondent under the provisions of the Uniform Support of Dependents Law to compel support of the dependent named in the petition and that satisfactory evidence was presented that the respondent was not in the jurisdiction of that Court but was a resident of Nashville, Tennessee; that a certified transcript of the testimony of the witnesses supporting the petition was attached to the certificate.

The petition proceeds:

"That the undersigned Judge of the Family Court of the State of New York, Onondaga County, has examined the allegations contained in the petition; that according to the testimony of the petitioner the needs of the dependent named in the petition for support from the respondent are the sum of $75.00 per month.

That in the opinion of the undersigned Judge, the respondent should be compelled to answer such petition and be dealt with according to law."

It is further certified that petitioner, who resides in Onondaga County, New York, is thirty-seven years of age, is the wife of the respondent, Fred J. Koehler, the parties having been married on the 22nd day of October, 1960, in Syracuse, New York, and that the child, Jeffrey, was born to this union on December 1st, 1962, the son of the respondent, and:

"Said child is dependent upon respondent for support; and is in need of and entitled to support from said respondent.

Respondent, on or about September, 1975, and subsequent thereto refused and neglected to provide fair and reasonable support for said dependent according to his means and earning capacity.

. . . Said respondent is forty years of age, resides at Packard Drive, Nashville, Tennessee, and is employed by Honeywell Corporation."

The testimony of the petitioner filed in the New York Court and certified to the Tennessee Court shows that the last contribution for support by the father was $75.00 in September, 1975, and prior to that a payment of $75.00 in March, 1975; that the son is living with the mother at her New York address and that she is a teacher receiving $2.73 an hour for an average of thirty-six and one-half hours a week which is her only source of income and that due to conditions in which they live, $75.00 a month is the minimum amount of support necessary to be contributed by the respondent who had an income of $15,000.00 to $18,000.00 a year.

Personal service was had on the respondent and after his answer was filed, the case came on for trial before the Honorable Benson Trimble, Judge, in the Fourth Circuit Court of Davidson County, Tennessee, upon the testimony of the respondent in open Court and upon the testimony of the petitioner by interrogatories and upon the arguments and briefs of counsel and resulted in a judgment ordering the respondent to pay $75.00 a month child support and $2,100.00 in arrearage.

From this decree the respondent has appealed and has assigned errors.

Following the filing of the petition herein, the Trial Court entered an order as follows:

### "ORDER TO APPEAR AND SHOW CAUSE

In this cause a Petition or Complaint under the Uniform Reciprocal Enforcement of Support Act having been received and filed in this Court, and upon the Motion of Claudia C. Bonnyman, Assistant District Attorney, petitioner's counsel herein;

IT IS HEREBY ORDERED that the defendant appear before me in the Fourth Circuit Court, Davidson County Courthouse, Nashville, Tennessee, at 9:00 A.M., on Wednesday, January 14th, 1976, or thereafter on the first Wednesday occurring at least three days after he shall have been served with a copy of this Order, and then and there to show cause, if any he has, why an Order should not forthwith be entered herein requiring the defendant to make payments in an amount to be fixed by the Court for the support of the defendant named in said Petition or Complaint, Pendente Lite.

IT IS FURTHER ORDERED that a copy of this Order be served on the defendant.

/s/ Benson Tribmle
JUDGE
12–8–75"

It is to be noted that as exhibits to the petition there is filed a certified copy of the decree of the Family Court of the State of New York for the County of Onondaga, requiring respondent to pay $75.00 per month for the support of the minor child of the parties and certified copies of the proceedings in the Arizona Court wherein a divorce was granted and child support ordered. Also, a property settlement agreement is attached along with a copy of the Uniform Reciprocal Enforcement of Support Act of the State of New York.

Respondent filed a general denial by way of answer, along with interrogatories to be propounded to the petitioner, which interrogatories were answered by her under oath and her answers thereto were filed in the record.

Thereafter, on April 6, 1976, Judge Benson Trimble filed his Memorandum, finding in favor of the petitioner, both as to arrearage of $2,100.00 and child support payments of $75.00 a month which was implemented by a decree, as follows:

### "ORDER OF SUPPORT

This cause came on to be heard on the 10th day of March, 1976, before the Honorable Benson Trimble, Judge, upon the petition for child support filed by the petitioner, Mrs. Helen Koehler, the testimony of the respondent, Fred J. Koehler, the written interrogatories propounded to

the petitioner by the attorney for the respondent, upon briefs submitted on behalf of the petitioner and the respondent, and upon the entire record in this cause, the Court is of the opinion and so finds that the position of the petitioner is well taken and that she is entitled to an increase in child support payments for $50.00 per month to $75.00 per month for the support of the dependent named in the petition, to-wit: minor child, Jeff Koehler.

The Court further finds that the respondent is in arrears in child support payments in the amount of $2,100.00, owing under a prior support order.

It is, therefore, ORDERED, ADJUDGED and DECREED that the respondent shall pay the sum of $75.00 (plus $3.75 as the Clerk's lawful commission) per month for the support of his dependent to the Clerk of the Circuit Court, Room 506, Metropolitan Courthouse, Nashville, Tennessee 37201, beginning on April 16, 1976 and continuing until further orders of the Court; that the Clerk disburse said payments, in accordance with the terms of said Act, to: Onondaga County Probation Department, Support Bureau, Room 112, Court House, Syracuse, New York 13202, for disbursement to the Petitioner.

It is further ORDERED, ADJUDGED and DECREED that the petitioner be awarded a judgment for $2,100.00. the arrearage owing under a prior support order.

It is further ORDERED that the respondent notify the District Attorney General, Room 102, Metropolitan Courthouse, Nashville, Tennessee 37201, of any change in his residence or employment within thirty (30) days after such change. All other matters are reserved and this cause is retained in Court for further orders.

ENTER this 12 day of April, 1976.

/s/ Benson Trimble
JUDGE"

Thereafter, respondent filed a motion entitled "Motion for Finding of Facts," pursuant to Rule 52.01, Tennessee Rules of Civil Procedure, requesting that the Trial Judge enter a Finding of Facts and Conclusions of Law in this cause.

Following this, the Trial Judge requested counsel for each party to submit Findings of Facts, whereupon, after consideration of same, he entered a decree stating:

". . . After review of the record as a whole and the findings of facts propounded by the petitioner and the respondent, the Court issued its Memorandum Opinion on May 21, 1976 adopting the findings of facts propounded by the solicitor representing the respondent.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the findings of facts presented by the solicitor for the respondent in the above styled cause shall be approved and hereby considered as the findings of facts of this Court.

The findings of facts presented by the solicitor for the respondent and adopted by this Court are as follows:"

and thereupon several pages of findings of facts were included in the decree.

Said findings, among other things, recites that on or about August 16, 1975, respondent, Fred J. Koehler, obtained an absolute divorce from petitioner, Helen Koehler, in the Superior Court of Arizona in and for the County of Maricopa; that a property settlement was entered into and made a part of the final decree, a part of which settlement is to the effect that the husband agreed to pay for the support and maintenance of the minor child of the parties the sum of $50.00 a month, payable on the first day of each month, to continue until the minor child becomes twenty-one years of age, or is married and self-supporting; that on or about March 1, 1975, respondent increased his child support payments from $50.00 a month to $75.00 a month; that petitioner filed a petition for support under the Uniform Reciprocal Enforcement of Support Act in New York; that respondent had been making child support payments of $75.00 a month since March 1, 1975 and: "This simply means that the alleged $2,100.00 arrearage should be decreased by

the amount of increased child support that the respondent had been paying the petitioner, namely $325.00, though April, 1976. Thus the alleged arrearage should be no greater than $1,775.00."

The findings recite the proceedings in the Court in Davidson County; that petitioner was employed at a salary of $340.00 a month on a ten month basis, as a schoolteacher, which was her entire source of income; that $75.00 a month payment for September, 1975, was the last contribution for support received from the respondent.

At the hearing before Judge Trimble, the attorney for petitioner called respondent to the witness stand and, among other things, he was asked and answered:

"Q. Do you currently owe any child support payments for the support of your minor child, Jeffry A. Koehler, payable to the petitioner, Helen Koehler?

A. No.

Q. Do you owe the petitioner past child support in the amount of $2,100.00?

A. Yes."

A motion for a new trial was made by the respondent and was overruled by the Court and an appeal granted and perfected to this Court.

—Assignments of Error—

While there are six separate assignments of error, the brief and argument of counsel for respondent states that there are only three issues on this appeal which may be stated as follows:

1. Was the Trial Court's judgment increasing respondent's child support payments from $50.00 to $75.00 beyond his jurisdiction?

2. Was the Trial Court's judgment awarding $2,100.00 arrearages in support proper and within his jurisdiction?

3. Did the Trial Court commit reversible error in failing to file conclusions of law pursuant to the motion for Findings of Fact and Conclusions of Law?

The Reciprocal Enforcement of Support Act, § 36–901, et seq., T.C.A., provides:

"36–901. Purpose of chapter.—The purposes of this chapter are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto."

The notes in the Code show a list of the States that have adopted this Uniform Act, including Arizona, New York and Tennessee.

Section 36–907 provides:

"Duties of support applicable under this chapter are those *imposed or imposable* under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." [Emphasis supplied]

Section 36–920 provides:

"If the court of the responding state finds a duty of support, it may order the respondent to furnish support or reimbursement therefor and subject the property of the respondent to such order. . . ."

Section 36–922 provides:

"In addition to the foregoing powers, the court of this state when acting as the responding state has the power to subject the respondent to such terms and conditions as the court may deem proper to assure compliance with its orders . . .."

Section 36–928 provides:

"No proceeding under this chapter shall be stayed because of the existence of a pending action for divorce, separation, annulment, habeas corpus or custody proceeding."

Appellant insists that the Uniform Act in question is a procedural act designed solely for the purpose of enforcing orders of foreign courts relating to support of dependent children.

While this is the minority view, as expressed in *Freeland v. Freeland*, 313 S.W.2d 943, Texas Court of Civil Appeals (1958),

and *Darty v. Darty*, 33 Tenn.App. 321, 232 S.W.2d 59, 62 A.L.R.2d 546, we think that in a majority of jurisdictions the contrary rule is applied and that the Tennessee Courts, while not speaking directly on this point, have indicated a concurrence with the majority view.

For instance, in *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947), Justice Frankfurter, speaking for the Supreme Court of the United States, summarized the underlying policy of the states' right to modify decrees in domestic relations matters. He said:

"The constitutional policy formulated by the Full Faith and Credit Clause cannot be fitted into tight little categories or too abstract generalities. That policy was the nation-wide restriction of litigiousness, to the extent that States, autonomous for certain purposes, should not be exploited to permit repetitive litigation. . . . Such limitation does not foreclose inquiry into what was litigated and what was adjudicated. The scope of the Full Faith and Credit Clause is bounded by its underlying policy and not by procedural considerations unrelated to it. Thus, in judgments affecting domestic relations technical questions of 'finality' as to alimony . . . seem to me irrelevant in deciding the respect to be accorded by a State to a valid prior judgment touching . . . alimony rendered by another State." [67 S.Ct. p. 907]

In *Hester v. Hester*, 59 Tenn.App. 613, 443 S.W.2d 28 (1969), our Court spoke on this question in dealing with a petitioner, a resident of Georgia, who filed an action in Hamilton County, Tennessee, under the Uniform Reciprocal Enforcement of Support Act and, as a result of that hearing, respondent's child support payments were reduced from $600.00 as ordered by the Courts of Georgia to $450.00 a month.

In a suit to recover the deficiency under the Georgia decree, this Court [Eastern Section] said:

"Upon first consideration we were inclined to hold that by instituting and receiving the benefit of the reciprocal support judgment, plaintiff had impliedly consented to a reduction in child support from $600 per month to $450 per month. T.C.A. § 36–926, however, expressly provides that a judgment for support under the Reciprocal Enforcement statute shall not supersede 'any previous order of support or separate maintenance action.'"

The case of *Proctor v. Sachner*, 143 Conn. 9, 118 A.2d 621 (1955) is a proceeding on petition for support transmitted by an Ohio Court by exemplified copy to the Court of Common Pleas, Hartford County, Connecticut, under the Uniform Reciprocal Enforcement of Support legislation. The defendant claimed that the Ohio divorce decree ordered him to pay $5.00 weekly and had not modified that decree, hence, this was determinative of the Connecticut Court's right to increase said payments, and that the decree of the Connecticut Court ordering him to pay $60.00 a month was beyond that Court's jurisdiction, but the Court held:

"A judgment for child support rendered in the court of a foreign state may be modified as to future support by a court of competent jurisdiction in Connecticut if the court of the foreign state has a power under the law of that state to make such modification."

The opinion recites that the parties had executed a separation agreement providing for the defendant to pay $5.00 weekly for the support of the minor child.

The mother and minor child who resided in the State of Ohio filed a proceeding against the defendant in the Common Pleas Court of that State to compel him to support the minor child, alleging that the necessary monthly expenses of the child amounted to $65.00. The Judge who examined the petitioner under oath certified that the proceeding was commenced under the Uniform Reciprocal Enforcement of Support Act of Ohio and that, according to the testimony of the petitioner, the needs of the dependent was the sum of $60.00 a month and that the petition sets forth facts upon which it may be determined that the respondent owes a duty of support and that

said petition should be dealt with according to law and it was certified to the Common Pleas Court of Hartford County, Connecticut.

As in the case at bar, the Connecticut Court increased the child support payments to $60.00 a month. The Court then further held:

"The father who was summoned by the Connecticut court to show cause why the order prayed for by the mother in the petition transferred by the Ohio Court under the Uniform Reciprocal Enforcement of Support legislation and who had an opportunity to examine the mother by means of deposition or written interrogatories was not deprived of due process of law by Connecticut court order for support of the child in Ohio."

In *Whittlesley v. Bellah*, 130 Cal.App.2d 182, 278 P.2d 511 (1955) the Court held:

"Where New York was the place of the child's residence and California the place of the father's residence, California Court had jurisdiction to ascertain and enforce adequate support for the minor child, even though the child's father and mother had obtained a Nevada divorce decree."

The Court further said:

"And it may be presumed that the Trial Court in California will properly evaluate the proof as to the child's necessities with the ability of the father to pay, and with a judicial discretion that will not penalize the father for not having been able to cross-examine the mother. Moreover, he may yet cross-examine her in New York by deposition."

To like effect is *Moore v. Moore*, 252 Iowa 404, 107 N.W.2d 97 where it was held:

"The District court, acting under the Uniform Support of Dependents Law, has authority to determine, as court of responding state, amount of support which must be paid by one who is liable for support of another domiciled in another state, even though there is in effect a valid order of a court of a third state fixing an amount of support to be paid."

We also think that the language of the Tennessee statute clearly indicates that the Court is vested with authority to increase or reduce child support payments, depending upon the facts and circumstances of each case. It is to be noted that Section 36–907, T.C.A., states, in pertinent part:

"Duties of support applicable under this chapter are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought."

And, Section 36–902(6), T.C.A., defines the duty of support to include any duty of support imposed or *imposable* by law.

Also see *Brown v. Thomas*, 221 Tenn. 319, 426 S.W.2d 496 (1968).

Thus, we hold that the Trial Judge did not exceed his jurisdiction in ordering the increase of payments of support for the minor child from $50.00 to $75.00 a month, the New York Court having found that $75.00 per month was needed and was proper for the child's support and certified it to the Tennessee Court for judgment.

As to the right to render judgment for the arrearage of $2,100.00, while there was not a specific prayer in the petition for a judgment in the Tennessee Court for the arrearage, the allegation was made that such arrearage did exist and the respondent specifically admitted that such arrearage did exist and stated that the amount of the arrearage was $2,100.00 but insisted that he was entitled to a credit of $325.00 for having paid $25.00 a month over and above the amount required by the Arizona decree and we are inclined to agree that he is entitled to a credit of $325.00 as insisted by him. However, this will not affect the $75.00 a month payments under the Tennessee decree and he will not be entitled to additional credits on the arrearage by paying the $75.00 a month as ordered.

In support of the right and power of the Court to give judgment for the arrearage, see *Hester v. Hester*, supra, where it was said:

"Under public policy of Tennessee, the accumulated amount due under a foreign

alimony decree will be enforced in Tennessee to the same extent as decrees of Tennessee Courts, even to the extent of holding the respondent in contempt for failure to pay the entire sum."

And, in *Schmidt v. Schmidt* [Tenn.1973], 493 S.W.2d 720, it was held:

"Where defendant admitted the amount of alimony delinquency claimed by plaintiff under a California divorce decree established as a foreign judgment, the chancery court was authorized to enter summary judgment for plaintiff, notwithstanding that 30 days' notice before the time fixed for hearing was allegedly not given."

■ As to the assignment charging error in the Court's failure to include in his findings of fact his conclusions of law, while Rule 52.01, Rules of Civil Procedure, indicates that it is the duty of the Trial Court to state expressly its conclusions of law and fact, we find no error in the action of the Trial Judge in the case at bar because the only questions of law involved upon which conclusions were sought by the respondent and his counsel were whether or not the Court had jurisdiction to increase the child support payments and grant a judgment for the amount of arrearage admitted to be owing by the respondent.

The Court could not have stated his conclusion more plainly than he did by rendering judgment over the objections of the respondent, both as to the increased child support payments and the judgment for arrearage.

From all of the foregoing it results that the assignments of error are overruled and the judgment of the Trial Court is affirmed as hereinabove modified as to the amount of arrearage.

MODIFIED AND AFFIRMED. ·

TODD, J., partial dissent.

DROWOTA, J., concurs.

TODD, Judge, partial dissent.

I concur in affirming the order to pay $75.00 per month, but must dissent from the affirmance of the judgment for arrearage on procedural grounds.

The Tennessee Trial Judge did not order an increase in child support as insisted· by appellant. The increase from $50.00 per month to $75.00 per month was ordered by the New York Court and properly enforced by the Tennessee Court. I do not question the power of the Courts of New York (where the child resides) to order support in excess of that previously ordered by the Arizona Court. The residence of the child within the jurisdiction of the New York Court confers this power. I do question the assertion that the Tennessee Court has power to increase the amount of child support of a child which does not reside and has never resided in Tennessee. Such power should be reserved to the divorce court under its continuing jurisdiction and to the courts of the place where the child might currently reside. However, this question is moot in the present case because the Tennessee Court did not increase the support.

As to the arrearage, the record shows that no petition was addressed to the Tennessee Court. There was filed with the Tennessee Court only a copy of the petition filed in New York and the judgment thereon. In neither instrument is there any mention of any application for or grant of judgment for arrearage. Unquestionably, the Tennessee Court has jurisdiction to entertain a suit upon foreign judgments, including arrearage upon foreign divorce decrees, but there must be some formal presentation of the claim in the form of a pleading to present the issue to the Court before judgment thereon is proper.

The admission of defendant as to the arrearage did not confer upon the Court the power to render judgment thereon without due pleading.

I would strike the judgment for arrearage without prejudice to the right to file a proper suit for same. ,