Argued April 28, affirmed June 20, 1978

STATE ex rel NEBRASKA, *Appellant,*
*v.*
BROOKS, *Respondent.*
(No. REC 77-09-13457, CA 9722)
580 P2d 206

Al J. Laue, Solicitor General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Thomas H. Denney, Assistant Attorney General, Salem.

Kenneth Lee Baker, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This is a proceeding under the Uniform Reciprocal Enforcement of Support Act, ORS 110.005 *et seq,* whereby the mother, a Nebraska resident, seeks enforcement of that portion of a 1965 Nebraska divorce decree ordering the father, an Oregon resident, to pay child support.

The parties were married and divorced in Nebraska and had eight children. At the time of the divorce, all eight children were minors. The record indicates that only two of the children are now minors. The Nebraska decree recited the names and ages of the children, awarded their custody to the mother, and ordered the father to pay "for support and maintenance of the minor children of the parties the sum of $50 per week." The only reasonable interpretation of this decree is that the $50 per week support was for all eight children. In other words, the decree in effect awarded support of $6.25 per child per week.

In August of 1977, the mother filed a petition in Nebraska alleging that the father had a duty of support arising from the 1965 decree and that he was not providing support for the two minor children remaining in the mother's custody. Attached to the petition was a copy of the 1965 decree. The petition was transmitted to Oregon, *see* ORS 110.131, and an order to show cause was issued to the father. After a hearing at which only the father testified and presented evidence, the circuit court ordered him to pay $50 per month support for the two children—an award which, converted from a monthly to a weekly amount, approximates $6.25 per week per child.[1]

---

[1] In enforcing the support provisions of the 1965 Nebraska decree, the trial court properly converted the payments from weekly to monthly. In view of the fact that there are generally slightly more than four weeks in a month, a more accurate figure for the monthly payment would have been $54. The difference is de minimus and neither party takes issue with the trial court's computation.

■ The state appeals, contending that the award of $25 support per month per child was inadequate in view of the father's gross income and should have been substantially greater. The defect with the state's argument is that ORS 110.005 *et seq* makes no provision authorizing the responding state, in this case Oregon, to modify the initiating state's decree for support. Indeed, it is clear under the provisions of the Uniform Child Custody Jurisdiction Act, ORS 109.700 *et seq*, that Oregon is without jurisdiction to modify the Nebraska decree since both the mother and children reside in Nebraska. The official commentary to the Uniform Reciprocal Enforcement of Support Act reinforces this conclusion. It states:

> "The Act itself creates no duties of family support but leaves this to the legislatures of the several states. *The Act is concerned solely with the enforcement of the already existing duties* when the person to whom a duty is owed is in one state and the person owing the duty is in another state * * *." Commissioners' Note, 9 ULA 806 (Master Ed. 1973) (Emphasis supplied.)

■ The trial court had no authority to make a greater award as contended by the state.

Affirmed.