On appellant's petition for reconsideration filed July 27, former opinion filed June 20 (34 Or App 975, 580 P2d 206), petition for reconsideration allowed; former opinion withdrawn; affirmed August 22, 1978; petition for review denied January 23, 1979

STATE ex rel NEBRASKA et al, *Appellant,*

*v.*

BROOKS, *Respondent.*

(No. REC 77-09-13457, CA 9722)

583 P2d 12

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Kathryn A. Logan, Certified Law Student, Salem, for petition.

JOHNSON, J.

[ 805 ]

## JOHNSON, J.

The state petitions for reconsideration of our decision reported in 34 Or App 975, 580 P2d 206 (1978), affirming the trial court's order directing the father to pay child support in the amount of Fifty Dollars ($50.00) per month. The grounds for our decision were that the amount of child support was approximately equal to that payable under a 1965 Nebraska divorce decree, establishing the duty of support, and that the Oregon courts were powerless to alter that amount in an action brought under the Uniform Reciprocal Enforcement of Support Act, ORS 110.005 et seq (URESA). The state argues in its petition that we have erroneously construed URESA, and that statute contemplates an original proceeding in which the responding court may set the amount of support. We find little support for this proposition in the language of URESA or the legislative history. *See* 9 ULA, Commissioners' Prefatory Notes, 806-807, 885-891 (1973).[1] However, the weight of authority in other jurisdictions is either that in a URESA proceeding the responding court is empowered to modify the initial decree, or, as the state contends, a URESA proceeding is original and independent of the original proceeding establishing the duty of support and the responding court is thus free to set the amounts of support. *See* W. Brockelbank & F. Infausto, Interstate Enforcement of

---

[1] Oregon adopted the 1952 version of URESA. Oregon Laws 1953, ch 427. The National Conference of Commissioners on Uniform State Laws subsequently modified the act in 1958 and 1968. 9 ULA, Commissioners' Prefatory Note, 806 (1973). In 1969 the legislature adopted some of the 1968 revisions by amending ORS 110.142 relating to filing fees, Oregon Laws 1969, ch 417, § 3. In 1975 the legislature further amended the act by adding ORS 110.175, Oregon Laws 1975, ch 628, §4. This section has no counterpart in any of the uniform acts. This is the only express provision of ORS 110.005 et seq., which lends support to the state's position. ORS 110.175 provides:

"When a petitioner who is an obligee, as defined in ORS 23.760, seeks relief in this state under this chapter, he submits to the jurisdiction of the responding court in this state as to the responding court's power *to set aside, alter or modify any provisions for the payment of future support in the order, decree or judgment which imposed the duty of support upon the obligor.*" (Emphasis supplied.)

[ 807 ]

Family Support 65-66 (2d ed. 1971). The Oregon Supreme Court's decision in *Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975), appears to adopt the majority view, although it is not clear which of the above theories would be applicable. In an appropriate case this may be a significant issue, as for example to determine the applicability of the change of circumstance rule. Whether or not the trial court was bound by the original Nebraska decree, we do not reach that issue. Our original opinion is withdrawn.

Under any theory, however, there must be an evidentiary basis for determining the amount of support. Here, the only evidence presented was the testimony of the father and the original Nebraska decree. That evidence does not support the state's contention that the trial court should have awarded a greater amount of child support. The record indicates that the father has for several years paid $50 per month for child support, pursuant to an agreement with the mother. The father presently earns about $1,000 per month. His expenses, including the $50 per month child support, are in excess of his income, because he is supporting both his present wife and mother-in-law, who is ill. His present wife devotes most of her time to caring for the mother-in-law. There is no evidence concerning the status of the mother and the two minor children, except that one of the two children is employed as a mechanic. The 1965 Nebraska decree indicates only that the mother did not appear in that proceeding and the father was granted a divorce by default. In view of the record before us the judgment of the trial court must be affirmed.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.