Submitted February 14, affirmed March 19, reconsideration denied June 11, 1979, 40 Or App 547.

# STATE ex rel STATE OF LOUISIANA, McNAMEE, *Appellant,*

*v.*

# PHILLIPS, *Respondent.*

## (No. REC 77-11-15804, CA 12179)

591 P2d 1196

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Kathryn A. Logan, Certified Law Student, Salem, filed the brief for appellant.

Ronald E. Bailey, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issues in this appeal are whether the trial court had jurisdiction to modify a support order certified to this state under the Uniform Reciprocal Enforcement of Support Act (URESA), ORS 110.005 *et seq,* and whether the Oregon support award was adequate.

The parties were married, had three children and were divorced in California. Wife was awarded custody and support in the amount of $100 per month per child. In 1968, wife brought a URESA action in California which was certified to Oklahoma and that court decreased support to $50 per month per child. In 1976, wife again filed a URESA action, this time in Louisiana, which was forwarded to Washington. The Washington court increased support to $100 per month per child. In September, 1977, wife commenced this action in Louisiana where the court found support was needed and certified the case to Oregon, the place of husband's current residence. Husband filed a motion to modify the original California support order and served the motion on the Multnomah County District Attorney. The District Attorney's motion to strike husband's motion was denied, and the court modified the underlying support order by reducing the support to $50 per month for each of the two children who were under 18 years of age.

■ Wife's first contention is that in an action under URESA, the Oregon court was without subject matter jurisdiction to modify the California support order. We do not agree. ORS 110.175; *see State ex rel Nebraska v. Brooks,* 35 Or App 805, 807, 583 P2d 12 (1978), *rev den* (1979).

■ Wife also argues that she was denied due process in the adjudication of her rights without in personam jurisdiction. A judgment affecting the personal rights of a party may be entered only by a court having jurisdiction over the person. The United States Supreme Court has mandated that before a state may

exercise in personam jurisdiction the state must have some sufficient basis for exercising the power, *see, e.g., Kulko v. California Superior Court,* 436 US 84, 98 S Ct 1690, 56 L Ed 2d 132 (1978); *Shaffer v. Heitner,* 433 US 186, 197-203, 216, 97 S Ct 2569, 53 L Ed 2d 683 (1977); *Internat. Shoe Co. v. Washington,* 326 US 310, 316, 66 S Ct 154, 90 L Ed 95, 161 ALR 1057 (1945), and that the party must be given reasonable notice. *Mullane v. Central Hanover Tr. Co.,* 339 US 306, 313-14, 70 S Ct 652, 94 L Ed 865 (1950). Wife disputed both the adequacy of notice and her contact with the State of Oregon.

■ Wife sought to take advantage of the benefits and protections of Oregon's laws by transfering her URESA petition here. She has consented to our court's taking jurisdiction of the decree. ORS 110.175;[1] *see Adam v. Saenger,* 303 US 59, 67-68, 58 S Ct 454, 82 L Ed 649 (1938). For the Oregon hearing on the URESA petition the Multnomah County District Attorney's office was appointed to represent wife. ORS 23.789. Pursuant to ORS 16.800 husband served the District Attorney's office with his motion to modify; this was proper service. *Adam v. Saenger, supra* at 67-68; *see Whallon v. Whallon,* 23 Or App 307, 309, 542 Pd 155 (1975).

■ Finally, wife asserts that the Oregon court's award of support was inadequate. Considering the respective financial status of the parties, we find the court's award to be proper.

Affirmed. No costs to either party.

_____

[1] ORS 110.175 provides:

"When a petitioner who is an obligee, as defined in ORS 23.760, seeks relief in this state under this chapter, he submits to the jurisdiction of the responding court in this state as to the responding court's power to set aside, alter or modify any provisions for the payment of future support in the order, decree or judgment which imposed the duty of support upon the obligor."