Submitted February 14, affirmed March 19,
reconsideration denied by opinion June 11, 1979

STATE ex rel STATE OF
LOUISIANA, McNAMEE, *Appellant*

v.

PHILLIPS, *Respondent*

(No. REC 77-11-15804, CA12179)

591 P2d 1196

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for petition.

No appearance contra.

RICHARDSON, J.

## RICHARDSON, J.

The state petitioned for reconsideration of our decision reported in 39 Or App 325, 591 P2d 1196 (1979). The state contends that under the Oregon statutes, based upon the Uniform Reciprocal Enforcement of Support Act (URESA), the Oregon courts cannot modify a support order of another state. The contention is based on ORS 110.271:

> "Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce, separate maintenance or any other proceedings, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under any such other proceedings."

In *State ex rel Nebraska v. Brooks,* 35 Or App 805, 583 P2d 12 (1978), *rev den* (1979), we briefly reviewed authorities from other jurisdictions construing URESA and concluded a responding state had authority to modify a foreign order of support as to future payments made in the responding state. In this case father petitioned for modification of his support obligation as to the amount of future payments he is required to make in Oregon. The court's order modifying the California decree related only to future support and did not effect the payments which had accrued prior to the order of modification. We held only that the courts had jurisdiction of the matter and had authority to modify the decree as to future payments. With this clarification we adhere to our former opinion affirming the order of the trial court.

Reconsideration denied. Former opinion adhered to.